IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SEAN MICHAEL MCGREGOR,     :
                              :
           Plaintiff,          :
                              :
v.                             :      Civil Action No.
                              :      2:10-CV-0136-RWS-SSC
WELLS FARGO BANK, JOHN G. STUMPF, :
CEO, et al.,                   :
                              :
           Defendants.      :

## ORDER and NON-FINAL REPORT AND RECOMMENDATION

This case is before the court on the motion to dismiss filed by Defendants Wells Fargo Bank, N.A. and John G. Stumpf.  [Doc. 5].  For the reasons discussed below, it is **RECOMMENDED** that Defendants' motion be **GRANTED**.

## I.  Procedural Background

On July 21, 2010, Plaintiff Sean Michael McGregor ("Plaintiff") filed a *pro se* complaint alleging a number of claims against Defendants Wells Fargo Bank, N.A., John G. Stumpf, CEO, Dennis P. Lockhart and John and Jane Does 1 to 25, arising from a mortgage loan transaction.  Plaintiff asserts claims for breach of contract (Count One); "fraud and racketeering" (Count Two); "usury and racketeering" (Count Three); and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* and 12 C.F.R. §§ 226.1 *et seq.* ("Regulation Z") (Count Four).  Plaintiff also asserts that Defendant Lockhart and the Doe defendants are engaging in illegal activity that "is being done in violation of Federal Racketeering laws, Federal Antitrust laws, and in violation of the plaintiffs [sic] Constitutional

rights, particularly the 5th, 7th, 9th, and 14th amendments." (Compl. at ¶ 12).

In lieu of filing answers, Defendants Wells Fargo and John G. Stumpf (hereinafter referred to as "Defendants") filed the pending motion to dismiss. [Doc. 5]. To date, Plaintiff has not identified and filed proof of service on the John and Jane Doe Defendants, and Plaintiff's claims against those defendants are discussed below. Plaintiff filed a response to Defendants' motion to dismiss. [Doc. 13]. Because Plaintiff filed his response after the period allowed by LR 7.1B, NDGa., the court directed Plaintiff to file a motion seeking leave to file his out-of-time response (see Doc. 14). Plaintiff has now filed a Motion for Leave to File Out of Time Plaintiffs' Response to Defendants['] Motion to Dismiss. [Doc. 19].[1]

In his motion for leave to file his response, Plaintiff asserts that "[d]ue to the complexity of the issues involved, and the limited knowledge of the Plaintiff, plaintiff[ was] unable to prepare an appropriate response to Defendant's MOTION TO DISMISS within the deadline imposed by the Local Rules . . . ." (Doc. 19, Pl. Mot. at 1-2). Although the court doubts that Plaintiff has shown good cause for his failure to file his response within the 14-day period provided by LR 7.1B, in light of his *pro se* status, the court **GRANTS** Plaintiff's motion for leave to file an out-of-time response to Defendants' motion to dismiss [Doc. 19], and the court will

---

[1] Plaintiff also filed a Motion for Entry of Default [Doc. 20] and Motion for Entry of Default Judgment [Doc. 21], seeking entry of default judgment against Defendant Dennis P. Lockhart. Defendant Lockhart has filed a response in opposition to those motions, as well as a motion to dismiss Plaintiff's claim for failure to serve Lockhart with the summons and complaint within the time required by Fed. R. Civ. P. 4(m). [Doc. 23]. Those motions will be addressed in a separate Report and Recommendation.

consider Plaintiff's response in opposition to Defendants' motion.

## II.  <u>Plaintiff's Complaint</u>

Plaintiff's lawsuit apparently arises from a mortgage loan transaction that occurred on June 27, 2008.   (Compl. at ¶¶ 3, 5).   According to Plaintiff's complaint, Defendant Wells Fargo "did verbally represent to the plaintiffs [sic] that it had approved a loan to them for the sum of $317,003.00 in lawful money of the United States and at annual interest rate of 6.5%."  (<u>Id.</u> at ¶ 3).[2]  The complaint alleges that this "was a false representation that was made recklessly and with deliberate and intentional disregard for the rights of the plaintiffs," and that Plaintiff relied on these "false representations" and was "induced into signing a mortgage note, deed of trust, note, security agreement, etc. . . . ."  (<u>Id.</u> at ¶¶ 4, 5). The complaint further makes several "factual" allegations about the loan at issue:

- Defendants "did fail to lend the plaintiffs lawful money of the United States for the full value of the alleged loan.  For the actual lawful money which the bank risked for the alleged loan, estimated to be no more than 5% of the alleged loans face value, the bank did charge an interest rate that was 20 times greater than what was authorized in the contract . . .";

- "The bank, in writing this check [for $317,003.00], did deliberately make a loan beyond its customers' deposits";

- "The checks . . .  which the bank and its officers wrote were not backed by

---

[2] Plaintiff refers to "the plaintiffs" at various points throughout his complaint, but there is only one plaintiff.

or redeemable in Federal Reserve Notes, coins or lawful money of the United States for their full face value";

- "The bank and its officers did use the U.S. Mails more than twice since the date of loan to collect money on this debt," and "Plaintiff did not become award of the fraudulent activity of the defendants until on or around May 21st 2010";

- "The only consideration which the bank provided for this alleged loan was a book entry demand deposit which the bank itself created effortlessly and at virtually no cost to itself.  The bank in stamping its own check "Paid," did make a false representation as it merely transferred some book entries and never intended to redeem this check in lawful money of the United States";

- Defendant Lockhart, President of the Federal Reserve Bank of Atlanta, "knew or should have known that the Wells Fargo Bank N.A./Wells Fargo Home Mortgage made a loan to the plaintiffs by writing a check on or around June 27, 2008 and that the bank was charging interest on nonexistent funds";

- Lockhart and the Doe defendants "are a party to a conspiracy to do all of the following: keep interest rates artificially high, contract credit to create unemployment and depress farm prices, and to select and pressure the bank to foreclose on the plaintiff's property all as part of a preplanned conspiracy to eliminate 2.3 million American farmers and to set up 100,000 corporations to own all the farm lands in the nation."

4

(Id. at ¶¶ 6-12).

In the section of his complaint entitled "Relief Requested," Plaintiff asks the court to "empanel a Grand Jury to investigate the Wells Fargo Bank N.A./Wells Fargo Home Mortgage, the Federal Reserve bank of Atlanta  and its President as well as the Board of Examiners" for a variety of alleged violations of federal law; to award him damages for the amounts he has paid on the "alleged loan," as well as compensatory and punitive damages; to issue an Order "declaring the mortgage, mortgage note, note, deed of trust, security agreement, etc. to be null and void"; and to issue "an injunction against Wells Fargo Bank N.A./Wells Fargo Home Mortgage and the Federal Reserve Bank to divest themselves of any assets they have unlawfully gained and to return the same to the plaintiffs and all other debtors or injured parties."

### III.  Discussion

Defendants move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.   (Doc. 5, Mot. at 1).

**A.** **Failure to State a Claim Upon Which Relief Can be Granted**

**1.** **Applicable Standards**

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  In order to state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Iqbal, 129 S. Ct. at 1949-50.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct."  Id. at 1950.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Twombly, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations and parenthetical material omitted); see also Boyd v. Peet, 249 F. App'x 155, 157 (11th Cir. 2007) (unpublished decision) (explaining, on review of the district court's order granting a motion for judgment on the pleadings, "[t]he complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed," and citing Twombly, 127 S. Ct. at 1965).

6

Because Plaintiff is a *pro se* litigant, his complaint, " 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

## 2. **Plaintiff's Complaint**

Defendants contend that "Plaintiff's Complaint is based entirely on the long discredited conspiracy theory that mortgage lenders do not actually lend money." (Doc. 5, Def. Br. at 4). Defendants argue that Plaintiff's complaint "not only fails to satisfy the requirement of notice pleading, it also fails to support any claim against the Wells Defendants upon which relief can be granted," and should be "dismissed with prejudice." (<u>Id.</u> at 4-5).

The undersigned agrees with Defendants and finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint contains a series of frivolous and legally immaterial allegations similar to those set forth in numerous other lawsuits filed by *pro se* litigants in an apparent effort to delay, prevent or reverse foreclosures, to recover amounts paid on those loans and/or to eliminate debts owed on mortgage loans. <u>See, e.g.</u>, <u>Curtis v. BAC Home Loans Servicing, LP</u>, No. 5:10-CV-226-MTT, 2010 U.S. Dist. LEXIS 109400, at *3-5 and n.1 (M.D. Ga. Oct. 14, 2010) (finding that "the vast majority of the Plaintiff's allegations [related to a residential mortgage loan transaction and similar to those made in the instant case] are wholly incomprehensible" and noting that seven cases on that Judge's docket used virtually the same form complaint); <u>Watts v.</u>

Ocwen Loan Servicing, LLC, No. 5:10-cv-238(CAR), 2010 U.S. Dist. LEXIS 73486, at *1, 4 (M.D. Ga. July 21, 2010) (finding that the plaintiff's lawsuit, "the latest in a series of lawsuits filed in his effort to forestall foreclosure," was "largely incomprehensible," and "appears to be nothing more than an attempt to use frivolous and abusive litigation to forestall a lawful foreclosure so that Plaintiff can continue to live in a house that he has occupied, rent-free, for twenty-two months."); see also Searcy v. EMC Mortgage Corp., United States District Court for the Northern District of Georgia, Civil Action No. 1:10-CV-0965-WBH (District Court's September 30, 2010 Order discussing the promotion of schemes that "promise the poor souls who are in the throes of a residential mortgage foreclosure that they can file a pro-se lawsuit chock full of nonsensical legalese and magically make their debts disappear.").[3]

Plaintiff's complaint appears to rest primarily on a theory referred to in the case law as the "vapor money" or "unlawful money" theory, which has been repeatedly and uniformly rejected by the courts.[4] In Demmler v. Bank One NA,

---

[3] Apparently in support of Plaintiff's claims that "no lawful money" was loaned in the transaction, and that Plaintiff was actually the borrower, not the lender, Plaintiff attaches to his complaint, among other things, the unsigned "Affidavit of Walker F. Todd, Expert Witness for Defendants," purportedly filed in a case in a Michigan state court, Bank One, N.A. v. Dave, et al. In Virginia Community Bank v. Fisher, No. 3:09cv354, 2009 U.S. Dist. LEXIS 111610, at *8-9 and n.9 (E.D. Va. Dec. 1, 2009), where the pro se defendants offered the same affidavit, and the court noted that "[t]he Todd Affidavit manifests itself throughout internet web sites offering advice about problematic or unpaid loans." (listing websites).

[4] Plaintiff's response in opposition to Defendants' motion to dismiss [Doc. 13] simply reiterates the allegations in his complaint and re-asserts this "vapor theory," i.e, "The substance–the true transaction–will show that the Plaintiff was the lender to the bank then the bank repaid the loan from the plaintiff to the bank." (Doc. 13, Pl. Br. at 4).

No. 2:05-cv-322, 2006 U.S. Dist. LEXIS 9409, at *10 (S.D. Ohio Mar. 9, 2006) the court considered allegations similar to those made in the instant case: "Plaintiff alleges that the promissory note he executed is the equivalent of 'money' that he gave to the bank.   He contends that Bank One took his 'money,' i.e., the promissory note, deposited it into its own account without his permission, listed it as an 'asset' on its ledger entries, and then essentially lent his own money back to him."  The court considered the allegations "patently ludicrous" and noted that "[s]imilar arguments have been rejected by federal courts across the country." Id. at *11 (listing cases); see also Thomas v.Countrywide Home Loans, No. 2:09-CV-00082-RWS, 2010 U.S. Dist. LEXIS 29553, at *4 (N.D. Ga. Mar. 29, 2010) (referring to "vapor theory" or "unlawful money" theory as "frivolous" and adopting the court's discussion in Thomas v. Countrywide Home Loans, Civil Action No. 1:09-CV-1386-WBH (N.D. Ga. Sept. 15, 2009), where the court noted the unanimous rejection of the theory and observed that the theory "is viable only if the Court accepts Plaintiff[s'] assertion that when they gave Countrywide the promissory note, they gave it their 'money,' which Countrywide simply lent back to them." (citing Demmler, 2006 U.S. Dist. LEXIS 9409)).

In addition to its frivolous and immaterial "factual" allegations, Plaintiff's complaint contains a series of conclusory allegations that the defendants committed "breach of contract," acts of "fraud and racketeering" and "usury and racketeering," "Truth in Lending violations," and violations of antitrust laws and constitutional amendments.  (See Compl., Counts One through Five).  These

allegations are no more than "labels and conclusions," <u>Twombly</u>, 550 U.S. at 555. They are "naked assertion[s] devoid of further factual enhancement," and as such, they are insufficient to state a claim. <u>Iqbal</u>, 129 S. Ct. at 1949 (internal quotation omitted). They do not "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." <u>Id.</u>   Thus, even taking Plaintiff's *pro se* status into account, Plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed. <u>See Washington v. CSX Transp. (R.R.)</u>, No. CV408-247, 2009 U.S. Dist. LEXIS 129203, at *4-5 (S.D. Ga. Mar. 9, 2009)("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims."), <u>adopted by</u> 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009).

The undersigned finds that Plaintiff's complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 and the pleading standards set forth in <u>Twombly</u> and <u>Iqbal</u>. Accordingly, the undersigned **RECOMMENDS** that Defendants' motion to dismiss [Doc. 5] be **GRANTED**.

**B.    <u>Plaintiff's Claims Against Doe Defendants</u>**

Plaintiff has asserted claims against "John and Jane Does (1 to 25)," but "[a]s a general matter, fictitious-party pleading is not permitted in federal court." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010). However, courts

"have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.' " Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).

Plaintiff alleges in his complaint that the "John and Jane Does, whose names are unknown at this time, "are a party to [the] conspiracy" alleged in his complaint.  (Compl. at ¶ 12).  Plaintiff's identification of "John and Jane Does (1 to 25)" is insufficient.  Furthermore, Plaintiff has failed to effectuate service of process on these defendants, and Plaintiff has failed to amend his complaint or to otherwise provide any information about these defendants—such as a description or an address—that would allow service of process on them.  Therefore, the claims against these defendants are due to be dismissed.  See, e.g., Eshena v. Frazier, No. 5:08-CV-417(CAR), 2009 U.S. Dist. LEXIS 95781, at *5 (M.D. Ga. Feb. 4, 2009) (recommending dismissal of Jane Doe defendants and explaining:  "In relation to Jane Does 1, 2, and 3, fictitious party practice is not permitted by the Federal Rules of Civil Procedure or any other statute.  Weeks v. Benton, 649 F. Supp. 1297 (S. D. Ala. 1986).  Moreover, the Court has no way to identify these Jane Does and serve them with process."), adopted by 2009 U.S. Dist. LEXIS 95777 (M.D. Ga. Oct. 14, 2009); cf. Dean, 951 F.2d at 1216 ("Dean described with sufficient clarity the head of the Jefferson County Jail as his additional [John Doe] defendant and brought to the attention of the court that Dean had yet to receive Sheriff Bailey's report, which would have provided Dean with the information needed to specifically name the 'Chief.'  Further, Dean's

description was sufficiently clear to allow service of process on the 'Chief.' " (citing Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D. N.J. 1977))).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against "John and Jane Does (1 to 25)" be **DISMISSED** due to Plaintiffs' failure to identify these defendants, to effectuate service on them, and to prosecute his claims against them.

## IV. <u>Conclusion</u>

It is **ORDERED** that Plaintiff's motion for leave to file an out-of-time response to Defendants' motion to dismiss [Doc. 19] is **GRANTED**.

It is **RECOMMENDED** that the motion to dismiss filed by Defendants Wells Fargo Bank, N.A. and John G. Stumpf [Doc. 5] be **GRANTED** and that Plaintiff's claims against those Defendants be **DISMISSED**.  It is further **RECOMMENDED** that Plaintiff's claims against John and Jane Does (1 to 25) be **DISMISSED**.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED**, this 26th day of January, 2011.

*Susan S. Cole*

SUSAN S. COLE
United States Magistrate Judge